Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CONDUENT BUSINESS SOLUTIONS OF PUERTO RICO, INC. <br><br> Recurrente <br><br><br> v. <br><br><br> JUNTA DE SUBASTAS DE LA ADMINISTRACIÓN DE SERVICIOS GENERALES, JUNTA REVISORA DE SUBASTAS DE LA ADMINISTRACIÓN DE SERVICIOS GENERALES <br><br> Recurridos | TA2026RA00111 | *REVISIÓN ADMINISTRATIVA* procedente de la Administración de Servicios Generales <br><br> RFP número: 24J-13314 <br><br> Sobre: Proceso de formalizar un contrato para procesar los programas "*Electronic Benefit Transfer*" (EBT) y "*Electronic Funds Tranfer*" (EFT) para el Gobierno de Puerto Rico |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Comparece la parte recurrente, Conduent Business Solutions of Puerto Rico, Inc., y solicita la revocación del Aviso de Adjudicación o *Award Resolution*, emitido y notificado el 13 de enero de 2026, por la Administración de Servicios Generales, en el *Request for Proposal* de epígrafe. El objetivo de este es concretar la contratación necesaria para proveer el servicio de procesamiento para los programas *Electronic Funds Transfer* y *Electronic Benefit Transfer*, para el Gobierno de Puerto Rico.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción, debido a que su presentación es prematura. Veamos.

**I**

El 9 de mayo de 2024, la Junta de Subastas de la Administración de Servicios Generales (Junta de Subastas o parte recurrida) publicó una *Invitation and Document for Request for Sealed Proposals*. Su objetivo era realizar la contratación necesaria para proveer el servicio de procesamiento para los programas *Electronic Funds Transfer* y *Electronic Benefit Transfer*, para el Gobierno de Puerto Rico. Así, el 6 de junio de 2025, la Junta de Subastas notificó a las empresas Conduent Business Solutions of Puerto Rico, Inc. (Conduent o parte recurrente) y Evertec Group, LLC (Evertec) que eran los licitadores cualificados para continuar en el proceso competitivo de Requerimiento de Propuestas o *Request for Proposal* de epígrafe (RFP, por sus siglas en inglés).

Los licitadores tenían hasta el 17 de septiembre de 2025 para presentar su *Best and Final Offer (BAFO)*. Luego de varios trámites procesales, y tras evaluar ambas propuestas, el 10 de diciembre de 2025, la Junta de Subastas notificó un Aviso de Adjudicación o *Award Resolution,* en el que comunicó su determinación de adjudicar la buena pro a Evertec.

En desacuerdo, el 22 de diciembre de 2025, Conduent instó una *Solicitud de Revisión de Decisión Administrativa* ante la Junta Revisora de Subastas de la Administración de Servicios Generales (Junta Revisora). Por su parte, el día 30 del mismo mes y año, Evertec presentó un escrito de oposición. El 7 de enero de 2026, la Junta Revisora emitió y notificó una *Resolución* en la que dispuso que acogería el recurso presentado.

No obstante, el 13 de enero de 2026, la Junta de Subastas volvió a notificar el Aviso de Adjudicación. En consideración a ello, el 14 del mismo mes y año, Conduent instó una *Moción Informativa y en Solicitud de Aclaración*. Mediante esta, le solicitó a la Junta Revisora que aclarase si los términos para solicitar revisión

comenzaban a decursar *nuevamente*, a partir del 13 de enero de 2026.

Así, en atención a lo expuesto por Conduent, el 15 de enero de 2026, la Junta Revisora emitió y notificó una *Resolución* en la que desestimó el recurso presentado por Conduent el 22 de diciembre de 2025. Asimismo, aclaró que el término para solicitar revisión comenzaría a transcurrir a partir del **13 de enero de 2026**, por lo que correspondía que Conduent presentara una nueva solicitud de revisión.

De forma cónsona con lo dispuesto por la Junta Revisora, el 23 de enero de 2026, Conduent presentó nuevamente una *Solicitud de Revisión de Decisión Administrativa*. Por su parte, el 2 de febrero de 2026, Evertec también volvió a presentar su escrito en oposición.

El 2 de febrero de 2026, la Junta Revisora emitió y notificó una *Resolución* en la que expresó que acogía la solicitud de revisión instada nuevamente por Conduent. Posteriormente, el 4 de marzo de 2026, la Junta Revisora emitió y notificó una *Resolución*, mediante la cual extendió el término para resolver el caso de autos, por un período adicional de quince (15) días.

En desacuerdo, y debido a que la Junta Revisora aún no había dispuesto de la solicitud de revisión instada por la parte recurrente, el 16 de marzo de 2026, esta presentó el recurso de epígrafe. En este, adujo que la Junta de Subastas cometió el siguiente error:

> La Junta de Subastas actuó de forma irrazonable y en abuso de su discreción al permitir que Evertec redujera en un 55% su oferta económica en el proceso de BAFO, aun cuando existían dudas sobre la viabilidad de su oferta y sin que se aclararan adecuadamente las mismas, viciando el resultado.

Luego de una evaluación preliminar del recurso de epígrafe, el 19 de marzo de 2026, emitimos y notificamos una *Resolución*. En virtud de esta, le ordenamos a la parte recurrida que se expresara, tanto respecto a los méritos de lo planteado por Conduent, como en cuanto a la jurisdicción de este Foro.

El 25 de marzo de 2026, la Administración de Servicios Generales presentó una *Moción de Desestimación*. Mediate esta, expuso que la revisión judicial de epígrafe resulta prematura, debido a que la Junta Revisora actuó dentro de los términos dispuestos en el Artículo 66 la Ley Núm. 73-2019, 3 LPRA sec. 9838.

En específico, adujo que carecemos de jurisdicción, debido a que, a la fecha de presentación del recurso de epígrafe, el término para acudir ante este Foro aun no había comenzado a transcurrir. Particularizó que la Junta Revisora tenía hasta el 19 de marzo de 2026, para disponer de la *Solicitud de Revisión de Decisión Administrativa* instada por Conduent.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer de la controversia jurisdiccional que nos ocupa.

**II**

**A**

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521, 529 (2023); *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Cobra Acquisitions, LLC. v. Municipio de Yabucoa* 210 DPR 384, 394 (2022). Nuestro Tribunal Supremo ha reiterado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y en que no tenemos discreción para asumir jurisdicción allí donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). En consecuencia, les corresponde a los foros adjudicativos examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, pág. 883.

La falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011)*.* Por tanto, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo [...]". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

**B**

La Ley Núm. 73-2019, según enmendada, 3 LPRA sec. 9831 *et seq.*,[1] es responsable de uniformar los procesos de adquisición, evaluación y revisión en las compras de bienes, obras y servicios no profesionales para todas las entidades gubernamentales y entidades exentas. Esta legislación fue aprobada con el objetivo de centralizar estos procesos, en aras de lograr mayores ahorros fiscales y transparencia en la gestión gubernamental. Véase, *St. James Sec. v. AEE*, 213 DPR 366, 397 (2023), citando la Exposición de Motivos de la Ley Núm. 73-2019.

Por un lado, la Ley Núm. 73-2019 creó a la Junta de Subastas como un organismo cuasi judicial adscrito a la Administración de Servicios Generales (ASG), facultado para evaluar y adjudicar las subastas del Gobierno de Puerto Rico, mediante el procedimiento uniforme dispuesto en la propia ley. Artículo 47 de la Ley Núm. 73-2019, 3 LPRA sec. 9836. De otra parte, constituyó

---

[1] A esta ley se le conoce como la *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019.*

también la Junta Revisora de Subastas, para que se desempeñara como organismo cuasi judicial adscrito a la ASG, diseñado y facultado para revisar cualquier impugnación de las determinaciones o adjudicaciones realizadas por varias Juntas de Subastas, entre las que figura la de ASG. Artículo 55 de la Ley Núm. 73-2019, 3 LPRA sec. 9837.

Sobre el derecho que cobija a un licitador no agraciado de impugnar la determinación o adjudicación realizada por la Junta de Subastas, el Artículo 64 es la disposición que establece el término disponible para solicitar la revisión ante la Junta Revisora. El referido artículo reza como sigue:

> **La parte adversamente afectada por una decisión de la Administración, de la Junta de Subastas o de cualquier Junta de Subastas de Entidad Exenta podrá, dentro del término de diez (10) días calendario a partir del depósito en el correo federal o correo electrónico notificando la adjudicación de la subasta, presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales**. Presentada la revisión administrativa, la Administración o la Junta de Subastas correspondiente elevará a la Junta Revisora de Subastas de la Administración de Servicios Generales copia certificada del expediente del caso, dentro de los tres (3) días calendario siguientes a la radicación del recurso. La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones. (Negrillas suplidas).

Artículo 64 de la Ley Núm. 73-2019, 3 LPRA sec. 9838a.

De otra parte, el Artículo 66 dispone lo relacionado con el procedimiento de revisión judicial ante el Tribunal de Apelaciones, respecto de las adjudicaciones que realiza la Junta de Subastas de ASG. La referida disposición establece los siguiente:

> **La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario de haberse presentado la solicitud de revisión administrativa**. Si dentro de ese término la Junta Revisora de Subastas de la Administración de Servicios Generales determina acoger la misma **tendrá un término de treinta (30) días calendario adicionales para adjudicarla**, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. La Junta Revisora de Subastas de la Administración de Servicios Generales **podrá extender el término de treinta**

**(30) días calendario, una sola vez, por un término adicional de quince (15) días calendario**.

La Junta Revisora de Subastas de la Administración de Servicios Generales podrá citar a las partes dentro del término de diez (10) días calendario de haberse notificado la solicitud de revisión a las partes a una vista evidenciaria en la cual podrá recibir prueba adicional, sea testifical, documental, o física, que le permita tomar una determinación, en torno a la revisión ante su consideración. Asimismo, la Junta Revisora de Subastas de la Administración de Servicios Generales podrá recibir testimonio pericial, podrá recibir y solicitar exámenes de muestras de los productos en cuestión y podrá efectuar un análisis independiente y propio de los hechos, aspectos técnicos, y los demás asuntos contenidos en el expediente de la subasta o el requerimiento en cuestión. Además, podrá revisar de forma independiente y autónoma las determinaciones de hecho y conclusiones de la Junta de Subastas de la que se origina la solicitud de revisión, siendo las mismas revisables en todos sus aspectos.

Si se tomare alguna determinación en su consideración, el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se depositó en el correo federal o correo electrónico copia de la notificación de la decisión de la Junta Revisora resolviendo la moción.

**Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación a la solicitud de revisión dentro del término correspondiente, según dispuesto en esta Ley, se entenderá que esta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial**.

El Tribunal de Apelaciones será el foro con jurisdicción para revisar, mediante recurso de revisión judicial, las determinaciones administrativas anteriormente dispuestas. (Negrillas suplidas).

Artículo 66 de la Ley Núm. 73-2019, 3 LPRA sec. 9838c.

### III

Esencialmente, mediante la *Moción de Desestimación* presentada ante nos, la ASG sostuvo que carecemos de jurisdicción para considerar el recurso de epígrafe en los méritos, debido a que su presentación resultó prematura. Debido a que la parte recurrida tiene razón en su planteamiento, procede declarar con lugar la solicitud de desestimación instada. Veamos.

Tal y como surge de nuestro resumen de hechos procesales pertinentes, el término para que Conduent solicitara la revisión ante la Junta Revisora, comenzó a transcurrir el **13 de enero de 2026**. Ello, en la medida que la Junta de Subastas notificó el segundo

Aviso de Adjudicación en esa fecha. Así, el **23 de enero de 2026**, la parte recurrente instó oportunamente una *Solicitud de Revisión de Decisión Administrativa* ante la Junta Revisora, dentro del término de diez (10) días que dispone el Artículo 64 de de la Ley Núm. 73-2019, *supra.*

Así también, dentro del término de treinta (30) días establecido en el Artículo 66 de la Ley Núm. 73-2019, *supra,* el 2 de febrero de 2026, la Junta Revisora notificó, mediante *Resolución,* que acogía la *Solicitud de Revisión de Decisión Administrativa* instada por Conduent. Nótese que, una vez la Junta Revisora emite una notificación oportuna a los efectos de acoger un recurso de revisión administrativa, cuenta con treinta (30) días adicionales para adjudicarlo. Ello, a menos que, mientras todavía transcurre ese término treinta (30) días, disponga extenderlo por un período adicional de quince (15) días calendario. Véase, Artículo 66 de de la Ley Núm. 73-2019, *supra.*

En el caso de epígrafe, y debido a que la Junta Revisora notificó que acogía el recurso el **2 de febrero de 2026**, los treinta (30) días con que contaba para adjudicarlo vencían el **4 de marzo de 2026**. Sin embargo, de forma cónsona con lo dispuesto en el Artículo 66, *supra,* el **4 de marzo de 2026**, la Junta Revisora ejerció oportunamente su facultad de extender su término para adjudicar la solicitud de revisión, por quince (15) días adicionales.

Es decir, que, en este caso, la Junta Revisora tenía hasta el **19 de marzo de 2026** para adjudicar la *Solicitud de Revisión de Decisión Administrativa* que le presentó la parte recurrente. Por tanto, en consideración al hecho de que Conduent presentó el recurso de epígrafe el **16 de marzo de 2026**, es forzoso concluir que este es prematuro. Por consiguiente, carecemos de jurisdicción para adjudicarlo en los méritos y procede su desestimación.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción, debido a que su presentación es prematura.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Notifíquese inmediatamente.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones